UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================

MT. HAWLEY INSURANCE COMPANY,

                Plaintiff,

                                          Civ. Action No.: 1:22-cv-04682-KPF

v.

PLYMOUTH PLAZA, LLC,

                Defendant.

========================================

## AMENDED COMPLAINT

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Delahunt Law PLLC, for its amended complaint alleges upon information and belief:

### JURISDICTION, PARTIES, AND VENUE

1. This is, in part, an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201.

2. At all relevant times, Mt. Hawley was an Illinois corporation with its principal place of business in Illinois.

3. At all relevant times, Mt. Hawley was engaged in certain insurance business in New York State on a surplus lines basis.

4. At all relevant times, defendant Plymouth Plaza, LLC ("Plymouth Plaza") was a Florida limited liability company with its principal place of business in Florida.

5. At all relevant times, Zev Freidus was managing member of Plymouth Plaza, and a citizen of Florida.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

7. Plymouth Plaza is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

8. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(3).

## FACTS

9. At all relevant times, Plymouth Plaza was engaged in the business of owning a premises including a commercial office building and parking garage located at 26750 U.S. Highway 19 North in Clearwater, Florida.

10. Mt. Hawley issued Plymouth Plaza a Commercial General Liability insurance policy (No. GGL00027460) for the period December 17, 2021, to December 17, 2022. A certified copy of the Mt. Hawley policy is attached hereto as **Exhibit 1**.

11. Subject to all of its terms and conditions, the Mt. Hawley policy includes coverage for bodily injury and property damage liability subject to a $1 million per-occurrence limit.

12. The Mt. Hawley policy's Limitation of Coverage to Designated Premises or Project endorsement states:

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:
>
> 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
>
> 2. The project shown in the Schedule.

13. The endorsement's Schedule does not list any projects. For "Premises," it lists "26750 US Highway 19 North, Clearwater, FL, 33761."

14. The Policy is subject to the Amended Conditions Endorsement, which states, in part:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended to add the following conditions:
>
> **A.** There is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "property damage," or "personal and advertising injury" if, at any time and regardless of intent, you or any other insured provide incorrect, false, inaccurate or incomplete information in the Application for this policy. For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to issuance of this policy. For purposes of this endorsement, the Application(s) is part of this policy and is incorporated herein.

15. Plymouth Plaza submitted its application for the Mt. Hawley policy on or about December 2, 2021. A copy of Plymouth Plaza's application is attached hereto as **Exhibit 2**.

16. In its application, Plymouth Plaza answered "no" to the following question: "Any uncorrected fire and/or safety code violations?"

17. In its application, Plymouth Plaza answered "no" to the following question: "Any structural alterations contemplated?"

18. On or about January 19, 2022, Mt. Hawley was placed on notice of a December 20, 2021 incident at 26750 U.S. Highway 19 North in which a portion of the parking garage on the premises collapsed.

19. Claims and suits have been asserted against Plymouth Plaza as a result of the December 20, 2021 incident, including those referenced hereinbelow.

20. On or about February 4, 2022, a lawsuit was commenced captioned <u>Alexis Klock, as Personal Representative of the Estate of Mitchel Klock, deceased, and the survivors, herself and Thomas Klock v. Plymouth Plaza, LLC and ZFC Real Estate, LLC</u> (Florida Circuit Court, 15th Judicial Circuit, Palm Beach County, Case No. 50-2022-CA-001551-XXXX-MB). A copy of the <u>Klock</u> complaint is attached hereto as **Exhibit 3**.

21. The <u>Klock</u> complaint alleges, *inter alia*:

> At all times under the ownership and management of the Defendants, the Garage has been in a decrepit and hazardous state, with severe cracking in large sections of concrete and other structural deficiencies. These defects were particularly prevalent in the southwest section of the Garage.
>
> Tenants of Plymouth Plaza and others who frequently utilized the Garage frequently complained to Plymouth and/or ZFC management and employees about the deteriorating structural condition of the Garage.
>
> In fact, a complaint regarding the Garage was filed with the City of Clearwater (the "City") in July 2021. In response to the complaint, a City official inspected the Garage and found various building code violations and safety concerns.
>
> As a result, the City created a Case Summary that noted the Garage was an "UNSAFE STRUCTURE" … "DANGEROUS STRUCTURE OR PREMISES" and that a "partial or complete collapse is possible." Additionally, the Case Summary requires Defendants to hire a licensed structural engineer to perform a safety inspection of the entire Garage and to submit a signed and sealed report with findings to the City's building department. Moreover, the Case Summary explicitly stated that no repairs were to be done to the Garage until the City received the required safety inspection report.
>
> Notwithstanding the City's findings and requirements, Defendants kept the hazardous and dangerous Garage open for business and in December of 2021 decided to make certain cosmetic and other

> minor repairs to the Garage (hereinafter referred to as the "Garage Project"). Yet, upon information and belief, the safety inspection and report required by the City was never completed and/or approved by the City prior to the inception of the Defendants' Garage Project.
>
> One of the worker's on for the Garage Project was Mitchel Klock. However, unbeknownst to Mitchel Klock, the Garage was in violation of Florida building codes and industry standards, the City required a special inspection and proper report before any work was permitted on the Garage, and the Garage was in such a hazardous condition that a collapse was imminent.
>
> On the morning of December 20, 2021, Mitchel Klock was performing his duties around the southwest stairwell of the Garage.
>
> At approximately 8:00 AM, the southwest stairwell, without warning, completely collapsed and crushed Mitchel Klock to death.

22. As against Plymouth Plaza, the Klock complaint asserts causes of action for negligence, strict liability, and intentional tort.

23. On or about February 16, 2022, Tampa Bay Water made a claim against Plymouth Plaza for, *inter alia*, *pro rata* shares of parking garage costs arising out of lost use of parking spaces as a result of the December 20, 2021 incident. A copy of Tampa Bay Water's February 16, 2022 claim letter is attached hereto as **Exhibit 4**.

24. Following the December 20, 2021 incident, Mt. Hawley discovered that contrary to Plymouth Plaza's December 15, 2021 application for insurance, the insured premises had received uncorrected safety code violations, including violations issued by the City of Clearwater Planning & Development Department ("City") in response to a July 1, 2021 complaint under the following code sections:

> Section 108 UNSAFE STRUCTURES AND EQUIPMENT
>
> 108.1.1 Unsafe Structures
> An unsafe structure is one that is found to be dangerous to the life, health, property or safety of the public or the occupants of a structure

> by not providing minimum safeguards to protect or warn occupants in the event of fire, or because such structure contains unsafe equipment or is so damaged, decayed, dilapidated, structurally unsafe or of such faulty construction or unstable foundation, that partial or complete collapse is possible.
>
> 108.1.5 DANGEROUS STRUCTURE OR PREMISES
> Any portion of a building, structure or appurtenance that has been damaged by fire, earthquake, wind, flood, deterioration, neglect, abandonment, vandalism or by any other cause to such an extent it is likely to partially or completely collapse, or to become detached or dislodged.

25. These violations include July 19, 2021 violations pursuant to sections 108.1.1 and 108.1.5, as detailed in a Notice of Unsafe Building from the City to Plymouth Plaza, which states, in part:

> You are hereby notified that in accordance with the City of Clearwater Ordinances the above described property is declared unsafe and is creating a nuisance, and is therefore, subject to abatement, repair or demolition . . .
>
> It is in a deteriorated condition that creates a serious hazard to the health, safety and welfare of the public . . .
>
> You are hereby ordered to repair or demolish this structure within the limits of all building and zoning regulations . . .
>
> After receiving a complaint and inspecting the parking garage, various areas within the parking garage show signs of deterioration. A safety inspection performed by a licensed structural engineer will need to be obtained and the signed and sealed report with the findings will need to be submitted to our department.

26. Plymouth Plaza also had at least four failed re-inspections/site visits by the City between July and November 2021.

27. A copy of the City's Case Summary referencing these violations is attached hereto as **Exhibit 5**.

28. A copy of the City's July 19, 2021 Notice of Unsafe Building is attached hereto as **Exhibit 6**.

29. These violations were undisclosed in Plymouth Plaza's application for the Mt. Hawley policy notwithstanding the application question asking: "Any uncorrected fire and/or safety code violations?."

30. Plymouth contemplated but did not disclose structural alterations to the parking garage on the premises in its application for the Mt. Hawley policy notwithstanding the application question asking: "Any structural alterations contemplated?."

31. Plymouth Plaza's application for the Mt. Hawley policy contained incorrect, false, inaccurate, and/or incomplete information.

32. Pursuant to the Amended Conditions Endorsement and based on Plymouth Plaza's provision of incorrect, false, inaccurate, and/or incomplete information in its application for the Mt. Hawley policy, Mt. Hawley has no obligation to defend or indemnify Plymouth Plaza in connection with the Klock action, the Tampa Bay Water claim, or the December 20, 2021 incident.

## FIRST CAUSE OF ACTION

33. Mt. Hawley refers to and reincorporates paragraphs 1 through 32 above as if fully set forth.

34. The Mt. Hawley policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

> **SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**
>
> **Conditions**
>
> **1.** This Policy is amended to add the following Conditions:
>
> > **AA. Jurisdiction and Venue.** It is agreed that in the event of the failure of the Company to pay any amount claimed to be due

hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any "Insured" against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

**BB.   Choice of Law**.   All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

\* \* \*

3. For purposes of this endorsement, the word "Insured" means you and any person or organization qualifying or claiming to qualify as such under **Section II – Who Is An Insured** and any person or organization qualifying or claiming to qualify as an additional insured.

35. Pursuant to the Amended Conditions Endorsement and based on Plymouth Plaza's provision of incorrect, false, inaccurate, and/or incomplete information in its application for the Mt. Hawley policy, Mt. Hawley has no obligation to defend or indemnify Plymouth Plaza in connection with the <u>Klock</u> action, the Tampa Bay Water claim, or the December 20, 2021 incident.

36. Mt. Hawley is entitled to and demands judgment declaring that has no obligation to defend or indemnify Plymouth Plaza in connection with the <u>Klock</u> action, the Tampa Bay Water claim, or the December 20, 2021 incident.

## SECOND CAUSE OF ACTION

37. Mt. Hawley refers to and reincorporates paragraphs 1 through 36 above as if fully set forth.

38. The Mt. Hawley policy is subject to the Defense and Tender of Limits Endorsement, which states, in part:

> The following is added to **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement**:
>
> \* \* \*
>
> g. We shall have the right to examine and rely on information or documents extrinsic to the allegations in a pleading filed in a "suit" to determine our duty to defend any insured.
>
> h. If we defend any insured but later determine that we have no duty to defend, we will have the right to reimbursement from that insured for all defense costs and expenses, including attorney's fees, we have incurred.
>
> i. Any insured will bear its own costs and legal fees in connection with prosecuting any suit or counterclaim brought by any insured against us or defending any suit or counterclaim brought by us against any insured. We shall have no obligation to reimburse any insured for such fees or costs.

39. Mt. Hawley incurred costs for Plymouth Plaza's defense in the Klock action, notwithstanding that Mt. Hawley had no duty to defend.

40. Mt. Hawley incurred such costs with Plymouth Plaza's knowledge, and having advised Plymouth Plaza that Mt. Hawley expressly reserves the right to seek reimbursement from Plymouth Plaza for defense costs incurred in connection with any uncovered or excluded claim. A copy of Mt. Hawley's March 23, 2022 letter to Plymouth Plaza is attached hereto as **Exhibit 7**.

41. In addition to judgment declaring that it has no obligation to defend or indemnify Plymouth Plaza in connection with the Klock action, the Tampa Bay Water claim, or the December 20, 2021 incident, Mt. Hawley is entitled to judgment against Plymouth Plaza for all costs incurred by Mt. Hawley for Plymouth Plaza's defense in the Klock action, and interest thereon.

**THIRD CAUSE OF ACTION**

42. Mt. Hawley refers to and reincorporates paragraphs 1 through 41 above as if fully set forth.

43. On May 20, 2022, the attorneys for plaintiffs in the Klock action served a time-restricted demand that Mt. Hawley tender the $1 million per-occurrence limit of the Mt. Hawley policy in resolution of the Klock action as against Plymouth Plaza. A copy of the demand is attached hereto as **Exhibit 8**.

44. Subject to and without waiver of its determination that it has no duty to defend or indemnify Plymouth Plaza in connection with the Klock action, and pursuant to demand by Plymouth Plaza that Mt. Hawley tender its limits, and solely in the interest of extinguishing any claim in the Klock action for liability in excess of $1 million, Mt. Hawley paid $1 million to resolve the Klock action. Copies of documents evincing payment are attached hereto as **Exhibit 9**.

45. Pursuant to the Amended Conditions Endorsement and based on Plymouth Plaza's provision of incorrect, false, inaccurate, and/or incomplete information in its application for the Mt. Hawley policy, Mt. Hawley has no obligation to indemnify Plymouth Plaza in the Klock action.

46. Mt. Hawley is entitled to and demands judgment against Plymouth Plaza in the amount of $1 million, and interest thereon.

**WHEREFORE**, Mt. Hawley demands judgment: (1) declaring that it has no obligation to defend or indemnify Plymouth Plaza in connection with the Klock action, the Tampa Bay Water claim, or the December 20, 2021 incident; (2) against Plymouth Plaza for all costs incurred by Mt. Hawley for Plymouth Plaza's defense in the Klock action, and interest thereon; (3) against

Plymouth Plaza for $1 million, and interest thereon; and (4) granting such other and further relief in Mt. Hawley's favor as the Court finds just and appropriate.

Dated: September 1, 2022

Respectfully submitted,

DELAHUNT LAW PLLC

By: _____/s/_____
 Timothy E. Delahunt
 Bar Roll. No. TD-2791
 tdelahunt@delahuntpllc.com

295 Main Street
Suite 836
Buffalo, New York 14203
Tel.: (716) 878-9178

*Attorneys for plaintiff*
*Mt. Hawley Insurance Company*