MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

MT. HAWLEY INSURANCE COMPANY,

Plaintiff,

v.

PLYMOUTH PLAZA, LLC,

Defendant.

---------------------------------------------------------x

Index No. 1:22-cv-04682 (KPF)

**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

**PLYMOUTH PLAZA, LLC'S SPECIAL APPEARANCE FOR MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Plymouth Plaza, LLC ("Plymouth") hereby makes this Special Appearance, and without subjecting itself to the jurisdiction of this Court, hereby moves the Court to dismiss this lawsuit for lack of personal jurisdiction over Plymouth, and in support thereof states as follows:

This lawsuit, filed by an Illinois insurer against a single-purpose Florida LLC that owns a building in Clearwater, Florida, has no nexus to this jurisdiction. The plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley") filed this lawsuit in New York pursuant to New York General Obligations Law §§ 5-1401 and 5-1402, on the supposed basis that plaintiff's insurance policy mandates jurisdiction in New York. See Am. Cplt. ¶¶ 7; 34. It does not.

The contract provision relied upon by plaintiff states:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any "Insured" against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

Id. at ¶ 34.

By its clear terms, the above provision applies in only two circumstances: (1) a claim against Mt. Hawley for an amount alleged to be due under its policy; or (2) any other claim commenced by Plymouth against Mt. Hawley.

This case presents neither situation. It does not involve the failure of Mt. Hawley to pay any amount due under the policy. Nor was it commenced by Plymouth. Plymouth did not submit to suit in this Court for any action commenced by Mt. Hawley against Plymouth.

Mt. Hawley alleges in its Amended Complaint that: (1) Mt. Hawley defended Plymouth and tendered its full $1 million policy limit to settle the underlying lawsuit filed against Plymouth (see Am. Cplt. ¶¶ 39, 44); and (2) Mt. Hawley is seeking its money back. See id. at ¶¶ 41, 46. By contrast, Plymouth seeks nothing from Mt. Hawley other than to be left alone. In no way can Mt. Hawley's attempted claw back of amounts it paid under its policy be deemed an action due to "the failure of the Company to pay any amount claimed to be due hereunder."

Therefore, because there is no basis for personal jurisdiction over Plymouth pursuant to New York General Obligations Law sections 5-1401 and 5-1402, Plymouth respectfully requests that the Court enter an order dismissing Mt. Hawley's Amended Complaint and granting any further relief the Court deems appropriate.

DATED: September 30, 2022
Florham Park, NJ

McGivney, Kluger, Clark & Intoccia, P.C.
Attorneys for Defendants Plymouth Plaza, LLC
18 Columbia Turnpike, Ste. 300
Florham Park, NJ 07932
(t) 973-670-5424
(e) tparlin@mkcilaw.us.com

By: Timothy B. Parlin

Defendant's motion to dismiss is DENIED without prejudice for failure to comply with Rule 4.A. of the Court's Individual Rules of Practice in Civil Cases, which requires a party seeking to file a motion to dismiss to first file a letter request for a pre-motion conference. The Court construes Defendant's above motion as a pre-motion letter pursuant to Rule 4.A. and ORDERS Plaintiff to file a responsive submission on or before **October 5, 2022.**

The Clerk of Court is directed to terminate the motion at docket entry 19.

Dated: October 3, 2022
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE